## UNITED STATES v. SMITH et al.

### Nos. 3546, 3844, 4339.

District Court, S. D. Texas, Houston Division.
March 23, 1931.

H. M. Holden, U. S. Atty., of Houston, Tex., for the United States.

Heidingsfelder & Kahn, of Houston, Tex., for defendant C. H. Smith.

KENNERLY, District Judge.

These are indictments against C. H. Smith, charging violations of the National Prohibition Act (title 27 of U. S. Code [27 USCA]).

Smith files plea of immunity or abatement, and the government demurs thereto. The claim in the plea is that on or about June 23, 1930, an indictment was returned against one Cheatham in Criminal District Court No. 2 of Harris county, Tex., charging Cheatham with violation of certain of the criminal statutes of the state of Texas, relating to intoxicating liquor. That Cheatham, being a federal prohibition agent, removed the prosecution of such indictment to this court, by writ of habeas corpus cum causa, and that such prosecution proceeded in this court, the Honorable Joseph C. Hutcheson presiding, with the state of Texas as plaintiff and the said Cheatham as defendant, and with the criminal district attorney of Harris county, Tex., representing the state of Texas, and the United States District Attorney for the Southern District of Texas representing Cheatham. That said Cheatham, upon a trial, was found guilty by a jury, and by this court sentenced to a term in the Texas state penitentiary.

The plea then proceeds in substantially the following language: "That by reason of the sustaining of the motion for writ of cum causa above set forth, the cause of the said D. R. Cheatham was transferred to this court, and tried as aforesaid, and your defendant shows to the court that he was duly subpoenaed as a witness on behalf of the Government, the State of Texas, in said cause, which subpoena was issued on the 22nd day of July, 1930, by the Honorable L. C.

Masterson, Clerk of this Court, a copy of which is hereby attached, marked Exhibit 'A' for all purposes, and that in pursuance to said subpoena so served upon him, and in obedience thereto, this defendant made his personal appearance before this Court, on or about the 7th day of October, 1930, when said cause proceeded to trial, and was, by the Government represented by the State of Texas through her District Attorney, O'Brien Stevens, and the Honorable J. C. Hutcheson, Jr., Judge of this Court, questioned at length in regard to the liquor business that this defendant has been engaged in, which includes the transactions involved in the present indictment herein; and, in answer to the questions so propounded to him the defendant gave and was compelled to give, testimony, which testimony is attached hereto, marked Exhibit 'B' and made a part hereof as if fully set forth herein, and as shown by said testimony so given by the said C. H. Smith, he, the said C. H. Smith was in the liquor business, and had been in the liquor business for some time, including the period mentioned in the indictment; that he gave true testimony on the trial hereof, and that the testimony so given by him could be used against him upon the trial of this cause by the Government," etc.

The United States of America was in no way a party to such cause, and the subpoena served upon defendant Smith required him to appear and testify and give evidence, and he did appear, testify, and give evidence, on behalf of the state of Texas, and not on behalf of the United States. He was cross-examined by counsel for Cheatham.

■ (1) Defendant claims and contends for immunity and asks abatement of the indictments under article 694 of the Penal Code of the state of Texas, reading as follows: "No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

It would seem unnecessary to refer to or discuss authorities to the effect that a state statute cannot give immunity to a defendant charged in a court of the United States with violation of a criminal statute of the United States.

■ (2) Defendant also claims and contends for immunity and asks abatement of the indictments under section 47 of title 27 of the U. S. Code (27 USCA § 47), which reads as follows: "No person shall be excused, on the ground that it may tend to incriminate him or subject him to a penalty or forfeiture, from attending and testifying, or producing books, papers, documents, and other evidence in obedience to a subpoena of any court *in any suit or proceeding based upon or growing out of any alleged violation of this chapter;* but no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpoena and under oath, he may so testify or produce evidence, but no person shall be exempt from prosecution and punishment for perjury committed in so testifying."

The contention of defendant is answered by the section itself, and particularly the italicized portion. The prosecution or suit or proceeding against Cheatham was under an indictment returned by a grand jury of Harris county, Tex., for alleged violation of a statute of Texas, and was not a suit or proceeding based upon or growing out of an alleged violation of the National Prohibition Act. The most that can be said is that the state statute under which Cheatham was indicted and prosecuted is similar to the National Prohibition Act. The testimony of defendant Smith in such suit does not entitle him to immunity from prosecution by the United States in this court under these indictments.

(3) This conclusion makes it unnecessary to decide the other questions raised in the argument and briefs of the parties.

An order will enter in each of these cases sustaining the government's demurrer, and dismissing defendant's plea.